IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodrick Marshall, a/k/a Rodrick Earl Marshall, <br><br> Petitioner, <br><br> v. <br><br> Warden N. Barnes, <br><br> Respondent. | C/A No. 1:21-cv-4042-JFA-SVH <br><br><br> **ORDER** |

Rodrick Marshall ("Petitioner"), proceeding pro se, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for initial review.

On December 27, 2021, the Magistrate Judge assigned to this action ordered Petitioner to pay the $5 filing fee or to complete and return the Form AO 240 (application to proceed in forma pauperis) by January 17, 2022. (ECF No. 4). Petitioner was warned that the failure to comply with the court's order may subject the case to dismissal. *Id.* Petitioner failed to respond to the order. Several days after this deadline, the Magistrate Judge issued a second order directing Petitioner to either pay the $5 filing fee or to complete and return the Form AO 240 by February 10, 2022. (ECF No. 7). Despite being specifically advised that failure to respond may result in a dismissal of this action, Petitioner again filed no response.

Thereafter, the Magistrate Judge assigned to this action[1] issued a thorough Report and Recommendation ("Report"). (ECF No. 10). Within the Report, the Magistrate Judge opines that this action should be dismissed without prejudice for lack of prosecution. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Petitioner was advised of his right to object to the Report, which was entered on the docket on February 15, 2022. *Id.* The Magistrate Judge required Petitioner to file objections by March 1, 2022. *Id.* Petitioner failed to file objections or otherwise address the proper form orders. Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Petitioner has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that Petitioner has failed to respond and therefore his action is subject to dismissal for lack of prosecution.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. (ECF No. 10). Therefore, this case is dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41.

IT IS SO ORDERED.

March 8, 2022  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge